UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ROBERT HOEFT and JOAN HOEFT,

        Plaintiffs,

    v.

ALLSTATE INSURANCE COMPANY,

        Defendant.

No. CV-08-3038-FVS

ORDER

**THIS MATTER** comes before the Court based upon cross motions for summary judgment. The plaintiffs are represented by J. Jay Carroll. The defendant by Sarah L. Eversole.

**BACKGROUND**

Robert Hoeft has engaged in woodworking as an avocation for many years. During 2000, he and a friend built a detached, two-story structure on the same lot on which Mr. Hoeft's house is situated. The structure contained the equipment and materials Mr. Hoeft used for woodworking. He spent three or four hours every day making crafts. He did not give his woodwork away; he sold it, principally at craft shows. He participated in five to eight shows per year. At each, he distributed business cards, which listed his website. By visiting it, a potential customer could view his work. On May 17, 2007, one of Mr. Hoeft's woodworking machines started a fire in the two-story structure. Prior to that date, Mr. Hoeft and his wife had purchased a homeowners policy from Allstate Insurance Company ("Allstate").

ORDER - 1

Consequently, they submitted a claim to Allstate.  Allstate advised Mr. Hoeft and his wife that their policy did not cover damage to the structure, and that it provided a maximum of $1000.00 for damage to personal property.  The Hoefts disagreed with Allstate's interpretation of their homeowners policy.  As a result, they filed an action in state court.  Not only do they seek a declaration that their fire-related losses are covered by their homeowners policy, but also they seek damages on the ground Allstate acted in bad faith and violated the State of Washington's Consumer Protection Act.  Allstate removed the Hoeft's lawsuit to federal court based upon diversity of citizenship.  28 U.S.C. §§ 1441(b), 1332(a).  The matter comes before the Court based upon the parties' cross motions for summary judgment and Allstate's motion to strike portions of two declarations that have been submitted by the Hoefts.

**RULING**

A. Personal Property

The Hoeft's homeowners policy provides up to one thousand dollars in coverage for personal property that is "used or intended for use in a business[.]"  The issue, then, is whether Mr. Hoeft's woodworking constituted a "business" for purposes of the one-thousand dollar, personal-property limit.  The term "business" is defined by Allstate's policy.  Accordingly, the term "should be interpreted in accordance with that policy definition." *Kitsap County v. Allstate Ins. Co.*, 136 Wn.2d 567, 576, 964 P.2d 1173 (1998).  As defined by the policy, the term "business" means "any full or part-time activity of any kind engaged in for monetary or other compensation or the use of any part of any premises for such purpose[.]"  In view of this definition, Allstate is entitled to summary judgment on this issue only if it

ORDER - 2

demonstrates that a rational jury would be compelled to make two findings: (1) Mr. Hoeft's woodworking was a full or part-time activity; (2) he engaged in woodworking for monetary or other compensation. Allstate has satisfied its burden. To begin with, Mr. Hoeft engaged in a part-time activity. He purchased woodworking equipment and materials and spent three to four hours per day making crafts. Also, he marketed and sold the crafts that he made. Whether he ever profited from his woodworking is irrelevant. The policy definition of the term "business" is not limited to activities that are motivated by a desire for profit. The term applies to any activity "engaged in for monetary or other compensation." Mr. Hoeft marketed and sold the crafts he made. Thus, his woodworking qualifies as a "business" for purposes of the personal property limitation. Allstate is under no obligation to pay the Hoefts more than $1000.00 for damaged personal property that Mr. Hoeft used in connection with his woodworking.

B. Structures

Allstate's policy excludes coverage for "[s]tructures used in whole or in part for business purposes[.]" The term "business purposes" is not defined separately by Allstate's policy. As a result, the Hoefts urge the Court to follow *Stuart v. American States Ins. Co.*, 134 Wn.2d 814, 953 P.2d 462 (1998). In that case, the policy excluded coverage for "bodily injury or property damage . . . arising out of business pursuits of an insured . . . in connection with . . . a business owned or financially controlled by the insured[.]" Id. at 817. The two key terms were "business pursuits" and "business." The policy defined the term "business" as a "trade, profession or occupation." *Id.* at 820 (internal punctuation omitted).

ORDER - 3

However, the policy did not define the term "business pursuits." *Id*. The Supreme Court of the State of Washington decided that the terms "business pursuits" and "business" are analytically distinct, and that the definition of the term "business" did not shed much light upon the meaning of the term "business pursuits." Since the term "business pursuit" was not separately defined by the policy, the Washington Supreme Court treated it as an undefined term. In the State of Washington, an undefined term in an insurance policy is given its "plain, ordinary, and popular meaning." *Id.* After considering several possible definitions, the state Supreme Court held that an activity constitutes a business pursuit if it is (1) "conducted on a regular and continuous basis," and (2) is "profit motivated." *Id.* at 822.

As the Hoefts' point out, Allstate's policy is similar to the *Stuart* policy in at least two respects. First, the terms "business pursuits" (the *Stuart* policy) and "business purposes" (Allstate's policy) are very similar. Second, Allstate's policy defines the term "business," but not the term "business purposes." In light of those two similarities, the Hoefts urge the Court to treat the term "business purposes" as an undefined term and to define it in the same manner that the Washington Supreme Court defined the term "business pursuits." The Hoefts' argument has considerable force. Nevertheless, while the similarities cited by the Hoefts are real, there is at least one potentially significant difference between the two policies. Whereas the *Stuart* policy defined the term "business" simply as a "trade, profession or occupation," Allstate's policy defines the term as "any full or part-time activity of any kind engaged in for monetary or other compensation or the use of any part

ORDER - 4

of any premises for such purpose[.]"  Obviously, Allstate's definition is far more complex than the definition set forth in the *Stuart* policy.  Given the greater complexity of Allstate's definition, a reasonable person could argue that it sheds more light on the term "business purposes" than the *Stuart* policy's parallel definition of the term "business" shed on the term "business pursuits."  Even so, it is questionable whether the Washington Supreme Court would treat the term "business purposes" (Allstate's policy) as a defined term.  As the state Supreme Court observed in *Stuart*, "exclusions from coverage of insurance are contrary to the fundamental protective purpose of insurance and will not be extended beyond their clear and unequivocal meaning."  134 Wn.2d at 818-19.  Furthermore, "[e]xclusions should . . . be strictly construed against the insurer."  *Id.* at 819.  In view of the preceding rules of construction, it would not be surprising if the state Supreme Court treated the term "business purposes" as an equivocal, undefined term.  Were the state Supreme Court to do so, it likely would turn to *Stuart* for a definition.  This Court must follow suit.  *Cf. Dias v. Elique*, 436 F.3d 1125, 1129 (9th Cir.2006) (in a diversity case, a federal court should interpret state law as it believes the supreme court of the forum state would).

Assuming the *Stuart* definition applies, the only issue is whether a reasonable jury could find that Mr. Hoeft's woodworking was "profit motivated."  (Clearly, he conducted his woodworking on a regular and continuous basis.)  Insofar as Mr. Hoeft's mental state is concerned, it is important to note that profit need not be the sole motivation for the activity.  134 Wn.2d at 822.  "All that is required is that the activity be regular and continuous and that a profit motive exist in conducting the activity."  *Id.*  Given that gloss on the rule,

ORDER - 5

neither side is entitled to summary judgment with respect to whether the Hoefts' homeowners policy covers the structural damage. The Hoefts are not entitled to summary judgment because it is undisputed Mr. Hoeft actively marketed the crafts he made, and, to the extent he could, sold them rather than keeping them or giving them away. Given these undisputed facts a rational jury could find his woodworking was profit motivated. However, a jury would not be compelled to make such a finding. It is undisputed that woodworking was not Mr. Hoeft's principal source of income. He claims that he sold his crafts simply to cover his expenses and that, in fact, he tended to lose money rather than make it. If the jury credits his testimony (and a rational jury could), then the jury could find his woodworking was not profit motivated. As a result, Allstate is not entitled to summary judgment on this issue.

**IT IS HEREBY ORDERED**:

1. The plaintiffs' motion to strike (**Ct. Rec. 22**) is denied.

2. The defendant's motion to strike (**Ct. Rec. 21**) is denied.

3. The plaintiffs' motion for summary judgment (**Ct. Rec. 14**) is denied.

4. The defendant's motion for summary judgment (**Ct. Rec. 11**) is granted in part and denied in part.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___2nd___ day of March, 2009.

                                    s/Fred Van Sickle
                                    Fred Van Sickle
                Senior United States District Judge